IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUSTIN BELNAVIS,

    Petitioner,

v.                                                      Civil Action No. **3:15CV399**

**HAROLD CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Justin Belnavis, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254 (§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the City of Richmond ("Circuit Court"). Respondent has moved to dismiss and the Magistrate Judge recommended that the Court grant the Motions to Dismiss. Belnavis filed Objections. For the reasons that follow, Belnavis's Objections will be OVERRULED and Respondent's Motions to Dismiss will be GRANTED.

### I.    BACKGROUND

Belnavis argues that counsel rendered ineffective assistance[1] on the following grounds:

Claim One:   "Denied effective assistance of counsel when Michael Gunlicks lead Justin Belnavis to believe life was not a consequence of his plea." (§ 2254 Pet. A–1.)

Claim Two:   "Mr. Belnavis was denied effective assistance of counsel when Mr. Gunlicks failed to inform him of, and object to the enhancement of the mandatory minimum." (*Id.* at A–4.)

Claim Three: "Denied effective assistance of counsel when Mr. Gunlicks failed to request that the trial court suspend imposition of the sentence." (*Id.* at A–7.)

Claim Four "Denied effective assistance of counsel when 2 days after Mr. Gunlicks, the prosecutor, and trial judge scheduled a hearing for the motion to vacate judgment

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Court corrects the punctuation and capitalization in the quotations from Belnavis's submissions.

and withdraw guilty pleas, the trial judge entered the 'Final Order' violating Mr. Belnavis['s] rights to due process . . . ." (*Id.* at A–10.)

The Magistrate Judge made the following findings and recommendation:

## A. Factual and Procedural History

Belnavis "was in a romantic relationship with Marquisha Carter Taylor, [Belnavis] shot Taylor in the chest, and Taylor sustained permanent disfiguring injuries to her chest. After [Belnavis] shot Taylor, Taylor ran to Sonya Blue's residence, [Belnavis] followed and [Belnavis] shot Blue. Blue sustained permanent nerve damage to an arm." (ECF No. 13-2, at 2.)

Belnavis pled guilty to two counts of aggravated malicious wounding, two counts of use of a firearm in the commission of a felony, and possession of a firearm by felon. (ECF No. 13-2, at 1.) The evidence of Belnavis's guilt with respect to the above charges was overwhelming and undisputed. (*See* Jan. 11, 2012 Tr. 11-19.) In exchange for Belnavis's plea, the Commonwealth *nolle prosequid* six additional charges and agreed not to seek revocation of a suspended sentence for a 2006 unlawful wounding conviction. (ECF No. 13-2, at 1 & n.1.) The trial judge then sentenced Belnavis to two terms of life imprisonment to be followed by an additional fifteen years of imprisonment. (ECF No. 13-1, at 2.) Belnavis, through counsel, moved to withdraw his guilty pleas and moved the Circuit Court to reconsider his sentence. (ECF No. 13-2, at 3.) In his Motion to Vacate Judgment and Withdraw Guilty Plea, Belnavis stated, in pertinent part:

> The Defendant was also motivated to plead guilty before the Court in order to avoid a life sentence, as the statutory maximum offenses for two of the offenses to which he pleaded [that] carried life.
>
> . . . .
>
> Although Defendant remained aware that the statutory maximum for the Aggravated Malicious Wounding . . . charges was life imprisonment, and was aware the trial judge could exceed the recommended maximum under the Guidelines and that the Commonwealth was not agreeing to any pre-arranged sentence under the Guidelines, he did not think it likely, based partly on the opinion of his [c]ounsel, that his sentence would so far exceed the recommended high point of twenty-eight years and seven months.
>
> At the time of bargaining over the terms of the plea agreement, the Commonwealth did not indicate at any point that it would still seek life sentences for the Defendant regardless of the fact that the Defendant was agreeing to plead guilty . . . .

Motion to Vacate Judgment and Withdraw Guilty Plea at 2, *Commonwealth v. Belnavis*, Nos. CR11F-2093-94, CR11F-3183, -3185, -3188 (Va. Cir. Ct. filed Feb. 16, 2012). The Circuit Court denied Belnavis's Motion to Vacate Judgment and Withdraw Guilty Plea as untimely. (ECF No. 13-4, at 4.)

2

Belnavis unsuccessfully pursued appeals to the Court of Appeals of Virginia and the Supreme Court of Virginia. (ECF No. 13-2, at 1; ECF No. 13-3, at 1.) Thereafter, Belnavis filed a petition for a writ of habeas corpus, which the Supreme Court of Virginia dismissed. (ECF No. 13-4, at 7.)

### B. Applicable Constraints Upon Federal Habeas Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### C. Analysis of Ineffective Assistance Claims

To demonstrate ineffective assistance of counsel, a defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. When analyzing ineffective assistance of counsel claims, the Court

3

need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Belnavis's assertion that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369–70.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

### 1. Claim One

In Claim One, Belnavis contends counsel performed deficiently in that counsel informed Belnavis that if he pled guilty, Belnavis could not receive a life sentence. During the course of his plea colloquy, Belnavis assured the Circuit Court that he had "discussed the range of the penalty" for the offenses to which he was pleading guilty. (ECF No. 13-5, at 8.) Belnavis also acknowledged that he had not received any promises in order to induce him to plead guilty. (ECF No. 13-5, at 10.) Belnavis further acknowledged in his state habeas that he faced a life sentence on some of his charges and that counsel told him that if he "did not enter the guilty plea[s] he would probably be found guilty and would be virtually guaranteed of a life sentence." Petition for Writ of Habeas Corpus, A-3, *Belnavis v. Clarke*, No. 141003 (Va. filed June 23, 2014).

The Supreme Court of Virginia dismissed the claim because Belnavis failed to demonstrate deficiency or prejudice and stated:

> The record, including the trial transcript, demonstrates that during the plea colloquy, petitioner represented that he had discussed the range of punishment for the charged offenses with his attorney and no promises had been made to him. Petitioner failed to offer a valid reason why he should not be bound by these representations. *Anderson v. Warden*, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981). The record, including petitioner's motion to vacate judgment and withdraw his guilty pleas, filed after the trial court imposed sentence, and the transcript of the hearing on that motion, further demonstrates petitioner knew the statutory maximum for

> aggravated malicious wounding was life imprisonment, that the trial judge could exceed the recommended maximum under the guidelines, and that the Commonwealth was not agreeing to any pre-arranged sentence under the guidelines. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

(ECF No. 13-4, at 2.)

The Court discerns no unreasonable determination of the facts and no unreasonable application of the law in the Supreme Court of Virginia's rejection of Claim One. The evidence of Belnavis's guilt was overwhelming and his conviction a near certainty. Belnavis's best option was to plead guilty and hope that the Circuit Court would be lenient in imposing a sentence. Although Belnavis ultimately failed to receive a light sentence, that fact fails to demonstrate that counsel acted deficiently or that, but for some deficiency on the part of counsel, Belnavis would have pled not guilty and insisted on going to trial. Belnavis fails to identify any plausible defense that would have allowed him to avoid a conviction on all of the charges to which he pled guilty. As the United States Court of Appeals for the Fourth Circuit observed, "sometimes it is the nature of the evidence, rather than the acts of the lawyer, that 'prejudice' the defendant" with respect to obtaining a favorable outcome. *Meyer*, 506 F.3d at 370. Accordingly, it is RECOMMENDED that the Court DISMISS Claim One.

### 2. Claim Two

In Claim Two, Belnavis contends that he "was denied effective assistance of counsel when Mr. Gunlicks failed to inform him of, and object to the enhancement of the mandatory minimum." (§ 2254 Pet. at A-4.) Specifically, Belnavis contends that he pled guilty under the misunderstanding that Virginia's advisory sentencing guidelines recommended a minimum sentence of thirteen years rather than a minimum sentence of seventeen years. In rejecting this claim, the Supreme Court of Virginia found:

> The record, including petitioner's motion to vacate and withdraw his guilty pleas and the transcript of the hearing on that motion, demonstrates petitioner knew the trial judge could exceed the recommended maximum under the guidelines and that the Commonwealth was not agreeing to any pre-arranged sentence under the guidelines. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would be different.

5

(ECF No. 13–4, at 3–4.) The Supreme Court of Virginia acted reasonably in rejecting Claim Two because Belnavis could not demonstrate prejudice. As explained more thoroughly in conjunction with Claim One, no reasonable probability exists that Belnavis would have pled not guilty and insisted on going to trial had he understood that the advisory guidelines recommended a minimum sentence of seventeen years rather than thirteen years. Accordingly, it is RECOMMENDED that Claim Two be DISMISSED.

### 3. Claim Three

In Claim Three, Belnavis contends that he was denied the effective assistance of counsel because counsel failed to request that the trial court suspend imposition of petitioner's sentence when counsel filed the Motion to Vacate Judgment and Withdraw Guilty Plea. Belnavis insists that counsel's failure to make such request deprived him of the ability to have the motion to withdraw the guilty pleas resolved on the merits in his favor. At this juncture, a brief review of the pertinent procedural rule and Belnavis's filings is necessary.

Under Virginia Supreme Court Rule 1:1, "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Va. Sup. Ct. R. 1:1. "Thus, once the twenty-one-day time period following the entry of a final sentencing order has run without modification, vacation, or *suspension* of that order, the trial court loses jurisdiction to disturb the order, unless an exception to Rule 1:1 applies." *Patterson v. Commonwealth*, 575 S.E.2d 583, 585 (Va. Ct. App. 2003) (citing *In re Dep't. of Corrections*, 281 S.E.2d 857, 862 (Va. 1981)).

Here, at the end of the sentencing hearing on January 12, 2012, the Circuit Court orally pronounced Belnavis's sentence. On February 16, 2012, Belnavis filed a Motion to Vacate Judgment and Withdraw Guilty Plea. Motion to Vacate Judgment and Withdraw Guilty Plea, *Commonwealth v. Belnavis*, Nos. CR11F-2093-94, CR11F-3183, -3185, -3188 (Va. Cir. Ct. filed Feb. 16, 2012). Belnavis, however, failed to request that the Circuit Court refrain from entering a final sentencing order or suspend any sentencing order. On February 24, 2012, the Circuit Court entered Belnavis's final sentencing order. *Commonwealth v. Belnavis*, Nos. CR11F-2093-94, CR11F-3183, -3185, -3188 (Va. Cir. Ct. Feb. 24, 2012). As the Supreme Court of Virginia explains, by the time the Circuit Court conducted the hearing on the Motion to Vacate Judgment and Withdraw Guilty Plea on April 11, 2012, the Circuit Court concluded that, pursuant to Va. Sup. Ct. R. 1:1, it lacked jurisdiction to address the merits of Motion to Vacate Judgment and Withdraw Guilty Plea.

In dismissing Claim Three, the Supreme Court of Virginia concluded that Belnavis failed to demonstrate that he was prejudiced by counsel's omission because Belnavis could not make the requisite showing under Virginia law to be entitled to withdraw his guilty plea. (ECF No. 13–4, at 4.)

> The record demonstrates the trial court entered the final sentencing
> order eight days after counsel filed petitioner's motion to vacate

6

and withdraw his guilty pleas and before the hearing on that motion. Counsel did not request the court suspend, vacate or modify the sentencing order. The hearing on petitioner's motion did not occur within twenty-one days of entry of the final sentencing order. Consequently, the trial court found that pursuant to Rule 1:1, it was without jurisdiction to consider petitioner's motion to vacate and withdraw his guilty pleas.

The record, including the transcript of the plea colloquy and petitioner's motion to vacate and withdraw his guilty pleas, however, demonstrates that the motion would not have been successful had the court been able to consider it on the merits. Petitioner sought to withdraw his guilty pleas on the ground that he thought he would receive a lesser sentence even though he knew the trial court could exceed the guidelines maximum and that the Commonwealth had not agreed to any pre-arranged sentence. Under Code § 19.2-296, a court may allow withdraw[al] of a guilty plea after sentence is imposed only to correct manifest injustice. That petitioner thought he would receive a lesser sentence does [not[2]] qualify as a manifest injustice. *See Johnson v. Anis*, 284 Va. 462, 466, 731 S.E.2d 914, 916 (2012) ("'[M]anifest' is defined as being 'synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident. In evidence, that which is clear and requires no proof; that which is notorious.'"). Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(ECF No. 13–4, at 4–5.)

As noted by the Supreme Court of Virginia, Belnavis fails to demonstrate any reasonable probability that the Circuit Court would have permitted him to withdraw his guilty pleas. The Supreme Court of Virginia's rejection of Belnavis's ineffective assistance of counsel claim relied heavily on its interpretation of Virginia law with respect to the withdrawal of guilty pleas. "When a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law, . . . a federal court should be especially deferential to a state post-conviction court's interpretation of its own state's law." *Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012). Given Belnavis's inability to demonstrate a viable basis for withdrawal of his guilty pleas, the Court discerns no unreasonable application of law and no unreasonable

---

[2] It is apparent that Supreme Court of Virginia accidentally omitted the word "not" from this sentence, as it is clear under Virginia law that "no manifest injustice occur[s] where the reason for the post-sentence motion to withdraw the guilty plea was based on a disappointment in the sentence imposed." *Howell v. Commonwealth*, 732 S.E.2d 722, 726 (Va. Ct. App. 2012) (citing *Lilly v. Commonwealth*, 243 S.E.2d 208, 211 (Va. 1978)).

7

determination of the facts in the Supreme Court of Virginia's rejection of this claim. Accordingly, it is RECOMMENDED that Claim Three be DISMISSED.

#### 4. Claim Four

In Claim Four, Belnavis asserts that he was denied the "effective assistance of counsel when 2 days after Mr. Gunlicks, the prosecutor, and trial judge scheduled a hearing for the motion to vacate judgment and withdraw guilty pleas, the trial judge entered the 'Final Order' violating Mr. Belnavis['s] rights to due process . . . ." (§ 2254 Pet. at A-10.) As observed by the Supreme Court of Virginia, "Petitioner fails to articulate any valid legal basis for objecting to the trial court entering the final sentencing order after sentencing, but before the scheduled hearing on petitioner's motions." (ECF No. 13-4, at 6.) Furthermore, as discussed above, Belnavis could not demonstrate an adequate basis for withdrawing his guilty plea. Therefore, the Supreme Court of Virginia acted reasonably in dismissing Claim Four because Belnavis demonstrated neither deficiency or prejudice. (ECF No. 13-4, at 6.) Accordingly, it is RECOMMENDED that Claim Four be DISMISSED.

### D. Conclusion

Accordingly, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 11) be GRANTED and that the action be DISMISSED.

(Report and Recommendation entered Aug. 2, 2016.)

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

### III. BELNAVIS'S OBJECTIONS

In his First Objection, Belnavis contends that he "entered his plea in ignorance of the penalties he faced and should not be bound by the representation made during the plea colloquy . . . ." (Objs. 3.) In his Second Objection, Belnavis insists that he "did not know by pleading guilty he could receive a life sentence . . . ." (*Id.* at 5.) The record amply demonstrates that Belnavis knew he could receive a life sentence even if he pled guilty. Belnavis's First and Second Objections lack merit and will be OVERRULED.

In his Third Objection, Belnavis objects to Magistrate Judge's conclusion that Belnavis "could not make the requisite showing under Virginia law to be entitled to withdraw his guilty plea." (*Id.* at 8 (emphasis omitted).) As noted by the Magistrate Judge and the Supreme Court of Virginia, Belnavis knew he could receive a life sentence if he pled guilty. The fact that Belnavis mistakenly believed that he would receive a lesser sentence if he pled guilty fails to provide a viable basis for withdrawing his guilty pleas. Accordingly, Belnavis's Third Objection will be OVERRULED.

### IV. CONCLUSION

Belnavis's Objections will be OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED. The Motion to Dismiss (ECF No. 11) will be GRANTED. Belnavis's claims and the action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 8/29/16
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge